UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. MCMORRIS,

       Plaintiff,

v.                                                        Case No. 1:04-CV-820

FERRIS STATE UNIVERSITY,                                  Hon. Wendell A. Miles
A Michigan Institution of Higher Education, WILLIAM
POTTER, LOUISE YOWTZ, DENISE BAROWICZ,
MICHELLE JOHNSTON, FRANK CROWE, THOMAS
OLDFIELD and MICHAEL HARRIS, In their official
capacities,

       Defendants.

_____/


OPINION AND ORDER

      Plaintiff Michael A. McMorris filed this action claiming racial discrimination in violation

of Title VII of the Civil Rights Act of 1964 (Count I) and 42 U.S.C. § 1981 (Count II); a

violation of his First Amendment rights and of procedural due process under 42 U.S.C. § 1983

(Counts III and IV); conspiracy under 42 U.S.C. § 1985 (Count V); and a violation of the Elliott

Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2302 (Count VI).  At Count VII, Plaintiff

seeks a declaratory judgment, an injunction and damages.

      This matter is now before the court on Motions to Dismiss filed by Ferris State University

(Dkt. #3) and the individual defendants (Dkt. #5).  Plaintiff has responded to both motions.  For

the reasons that follow, the court grants the individual Defendants' Motion to Dismiss as to all

counts, and partially grants and partially denies Ferris State University's Motion to Dismiss.  The

court grants Ferris State University's Motion to Dismiss as to Count II, Count IV, Count V, and

Count VI, and denies the motion as to Count I, Count III and Count VII.

Background

Dr. Michael McMorris ("Plaintiff" or "McMorris") is an African-American who is a tenured associate professor at Ferris State University ("Ferris State" or "the University"). At a faculty retreat in January 2000, Plaintiff was allegedly subjected to demeaning and discriminatory comments from Nancy Hogan ("Hogan"), an assistant professor and graduate coordinator of the school for criminal justice. In particular, Hogan demeaned Plaintiff's professional qualifications. Plaintiff complained to the department chair, Frank Crowe ("Crowe"), and the affirmative action director, Louise Yowtz ("Yowtz").

In February 2002, Crowe advised Plaintiff that students were complaining about Plaintiff's classes and assignments. Shortly afterwards, Plaintiff returned from a conference to find that all but thirteen students had dropped his class, and was told by students that Crowe's secretary encouraged them to drop the class. On March 2, 2002, Plaintiff met with Crowe, interim Dean William Potter ("Potter"), and associate Dean Michelle Johnston ("Johnston"). At the meeting, the students' dissatisfaction was discussed, and Plaintiff voiced his complaints about Ferris State encouraging students to drop his class. On March 21, 2002, Plaintiff met with Potter, who advised Plaintiff to contact Dr. David Pilgrim, who would conduct an independent investigation into the matter. However, an investigation was not conducted.

On April 2, 2003, Plaintiff learned that a graduate class in law enforcement would be offered during the summer semester of 2003. Hogan was the individual responsible for arranging teaching assignments, and Plaintiff was not offered the opportunity to teach the class. Plaintiff requested a meeting with Hogan, Crowe, and Johnston regarding why he was not allowed to

2

teach the class.  Johnston met with Hogan alone, and subsequently confirmed that Plaintiff was qualified to teach in the criminal justice graduate program.  Plaintiff then met with Crowe, who informed him that he would have to submit credentials to Hogan although no other faculty member was required to do so, and that Plaintiff was third in seniority out of eleven faculty members.  Plaintiff was taking a sabbatical for the 2003/2004 school year, but Crowe agreed to consider allowing Plaintiff to teach a graduate course in the fall semester of 2004.

In September 2003, Plaintiff and two of his union representatives met with Crowe and Johnston to process one of Plaintiff's grievances. The following day, Johnston accused Plaintiff of physically threatening Crowe in the meeting.  Without a hearing, Johnston banned Plaintiff from entering Ferris State's campus pending an investigation.  Earlier, Plaintiff had submitted a proposed revision of his activities during his sabbatical.  On September 26, 2003, Johnston rejected the revisions.

On October 13, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  On October 17, 2003, Johnston began confiscating Plaintiff's mail.  On November 5, 2003, Plaintiff was advised to contact Ferris State before November 24, or the University would deem him to have resigned from his employment.

Between September 2003 and early 2004, Ferris State conducted an investigation.  On March 4, 2004, Ferris State issued its "Tentative Findings and Tentative Conclusions," charging Plaintiff with six policy and contractual violations. Plaintiff responded to the charges at a meeting on April 28, 2004, and the University concluded it needed more time to continue investigating.  On August 12, 2004, it issued its final findings and conclusions, and suspended Plaintiff for the fall and winter semesters of the 2004/2005 school year; referred him to an

employment assistance company; and continued the ban from campus.  On September 8, 2004, Plaintiff received his right to sue letter from the EEOC, and on December 6, 2004, filed his complaint commencing this action.  Defendants filed their motions to dismiss under FED. R. CIV. P. 12(b)(1) and (6).

Standard of Review

A motion under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.  Barrett v. Harrington, 130 F. 3d 246, 251 (6th Cir. 1997).  The court must accept as true all factual allegations in the complaint, must resolve any ambiguities in the plaintiff's favor,  Ziegler v. IBP Hog Market, 249 F. 3d 509, 511-512 (6th Cir. 2001), and must construe all reasonable inferences in favor of the plaintiff.  Miller v. Currie, 50 F. 3d 373, 377 (6th Cir. 1995).   The court need not accept as true legal conclusions or unwarranted factual inferences. Perry v. American Tobacco Co., 324 F.3d 845, 848 (6th Cir.2003).  A complaint should  be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984).  When ruling on a motion to dismiss under Rule 12(b)(6), the court is confined to reviewing the complaint to determine whether the plaintiff has stated a claim, and may not consider matters outside the pleadings. See e.g., Amini v. Oberlin Coll., 259 F. 3d 493, 502 (6th Cir. 2001).

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim for lack of subject matter jurisdiction. The plaintiff has the burden of proving that the court has subject matter jurisdiction in order to survive a Rule 12(b)(1) motion.  Hedgepath v. Kentucky,  215 F.3d 608, 611 (6th Cir. 2000).

4

<u>Discussion</u>

The individual Defendants and Ferris State bring their motions under FED. R. CIV. P.

12(b)(1) and (6), arguing that the Eleventh Amendment bars all of Plaintiff's claims except the

Title VII claim.  Defendants also contend that Plaintiff has failed to state a Title VII claim, but if

Plaintiff has stated a claim under Title VII,  the claim must be dismissed because Plaintiff failed

to establish jurisdictional prerequisites to maintaining a Title VII action.

<u>Title VII</u>

Plaintiff claims that Defendants subjected him to numerous forms of racial

discrimination, including refusing to allow him to teach certain classes; allowing degrading and

insulting comments regarding his qualifications; allowing and encouraging students to drop his

class; falsely accusing him of threatening behavior; and banning him from coming onto all of

Ferris State's campuses. Ferris State has attached a copy of Plaintiff's charge of discrimination

with the Equal Employment Opportunity Commission ("EEOC").  The court may consider an

exhibit attached to a motion to dismiss if the exhibit is specifically referenced in the complaint

and is central to the plaintiff's claim. <u>Nieman v. NLO, Inc.</u>, 108 F. 3d 1546, 1555 (6th Cir. 1997).

"Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by

failing to attach a dispositive document upon which it relied."  <u>Weiner v. Klais and Co.</u>, 108 F.

3d 86, 89 (6th Cir. 1997).  "'It is well settled that federal courts do not have subject matter

jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC

charge or the claim can be reasonably expected to grow out of the EEOC charge.'"  <u>Weigel v.</u>

<u>Baptist Hosp. of East Tenn.</u>, 302 F. 3d 367, 379 (6th Cir. 2002), quoting <u>Strouss v. Mich. Dep't of</u>

<u>Corr.</u>, 250 F. 3d 336, 342 (6th Cir. 2001). Thus, the EEOC charge is central to Plaintiff's Title VII

5

claim as the court cannot determine if it has subject matter jurisdiction over the claim without reviewing the charge.  The court will consider the EEOC charge attached to Ferris State's motion to dismiss.[1]  See Song v. City of Elyria, 985 F. 2d 840, 842 (6th Cir. 1993), citing Watters v. Pelican International, Inc., 706 F. Supp. 1452, 1457 n. 1 (D. Colo. 1989) ("To the extent that the [supplement to the motion to dismiss] does not contradict the allegations of the amended complaint, the exhibit does not convert the matter at hand from a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment.)

Plaintiff alleges in support of his Title VII claim that Defendants falsely accused him of threatening behavior and banned him from the Ferris State's campus.  This incident occurred in September 2003.  On October 13, 2003, Plaintiff filed his charge with the EEOC.  However, he did not mention the false accusations or the ban from campus.  Thus, this is not a situation regarding post-filing events that could reasonably be expected to grow out of the EEOC charges.  As the charge was not presented to the EEOC for investigation, although the alleged events had already occurred, the court lacks subject matter jurisdiction over this claim.

Under Title VII, a party must file a charge with the EEOC within 300 days of the alleged discriminatory occurrence. 42 U.S.C. § 2000e-5(e); see National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Claims arising more than 300 days before a plaintiff files an EEOC charge are time barred.  Wade v. Knoxville Utilities Bd., 259 F. 3d 452, 460 (6th Cir. 2001).  Plaintiff filed his EEOC claim on October 13, 2003, and

---

[1] The individual defendants have submitted numerous documents which can only be characterized as evidence intended to refute Plaintiff's claims.  The court will not consider these documents when deciding this motion to dismiss, although they would be appropriately submitted with a motion for summary judgment under Rule 56.

accordingly, any claims based upon events occurring more than 300 days earlier, or before December 16, 2002, are untimely.  Plaintiff charged that he had been subjected to comments from faculty and staff that he believed were racially motivated.  In his complaint he more specifically alleged that in January 2000, he was subjected to demeaning and discriminatory comments by Nancy Hogan, who has not been named as a defendant in this case. Plaintiff also charged that he was continually approached regarding  non-legitimate issues and student complaints that white faculty members were not approached on. According to the allegations in Plaintiff's complaint, students were complaining and dropping his class, at Ferris State's urging, in February and March 2002.  Because both of these charges arose more than 300 days before Plaintiff filed his charge, they are time barred.

Plaintiff also charged that he had "been continually denied opportunities by the respondent to teach graduate classes, most recently on April 11, 2003."  Although this charge was timely presented to the EEOC, Defendants argue that Plaintiff's allegations pertaining to this charge fail to state a prima facie claim of disparative treatment.  To state a prima facie case of disparative treatment, a plaintiff must allege: (1) that he is a member of a protected class; (2) that he applied for and did not receive a job; (3) that he was qualified for the job; (4) that a similarly situated person who was not in the plaintiff's protected class received the job. Seay v. Tennessee Valley Authority, 339 F. 3d 454, 463 (6th Cir. 2003), citing Thurman v. Yellow Freight Sys., Inc., 90 F. 3d 1160, 1166 (6th Cir. 1996); Tex. Dep't of Cmty Affairs v. Burdine, 450 US 248, 253-254 n. 6, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) (quoting  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).  Plaintiff has pleaded the first three elements.  Plaintiff points to paragraph 34 of his complaint as satisfying the fourth element.

Paragraph 34 states that department chairman Crowe informed Plaintiff that (a) there were policies on the assignment of graduate teaching courses, (b) no faculty members except Plaintiff were required to submit credentials to Hogan, and (c) that Plaintiff was third on the faculty seniority list of eleven.  It is unclear whether, under Ferris State's policies, the assignment of teaching a graduate course must be given to the faculty member with the greatest seniority.  Assuming this is the policy, Plaintiff has failed to plead facts showing that the assignment Plaintiff sought went to a faculty member with less seniority, and more importantly, to a faculty member who was not a member of Plaintiff's protected class.  If this is not the policy, Plaintiff has failed to allege that a similarly situated faculty member who was not a member of Plaintiff's protected class received the assignment that Plaintiff was denied.

Although Plaintiff has not specifically alleged the fourth element, the Supreme Court has made it clear that at this stage of the proceeding the complaint need only satisfy the lenient requirements of Federal Rule of Civil Procedure 8.   The complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L. Ed 2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed 2d 80 (1957).  The Swierkiewicz Court, addressing a Title VII race discrimination claim, held "that an employment discrimination plaintiff need not plead a prima facie case of discrimination," id at 515, if the complaint satisfies Rule 8.   The purpose of the pleading requirements is to ensure that defendants have notice of the type of claims brought against them in order to properly present their defense. Accepting all of Plaintiff's allegation as true and giving Plaintiff the benefit of all reasonable inferences, the court concludes that Plaintiff's stated claim  is clear and provides sufficient notice to the Defendants,

8

considering that Defendants are aware of Ferris State's policies and have knowledge of who received the assignment of teaching the subject graduate class.

Accordingly, the court will not dismiss the Title VII claim as to disparative treatment regarding the summer 2003 employment opportunity. However, because Defendants Johnston and Crowe were the only individual defendants involved in this event, the Title VII claim will be dismissed as to Defendants William Potter, Louise Yowtz, Denise Barowicz, Thomas Oldfield and Michael Harris. Title VII provides that once a charge has been filed with the EEOC and the aggrieved party has received a right-to-sue letter, the party may bring a civil action against the party or parties named as respondent in the EEOC charge. 42 U.S.C. § 2000e-5. Only Ferris State was named as respondents in Plaintiff's EEOC complaint. Neither Johnston nor Crowe were mentioned in the text of his charge. Accordingly, the court will also dismiss this claim against Johnston and Crowe.

<u>Immunity</u>

Both Ferris State and the individual Defendants, who are sued only in their official capacities, contend they are immune from suit under the Eleventh Amendment as to all of Plaintiff's claims except the Title VII claim. The Eleventh Amendment bars a suit brought in federal court against a state and its departments or agencies unless the state has waived immunity or unequivocally consented to be sued. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Barton v. Summers</u>, 293 F. 3d 944, 948 (6th Cir. 2002). The state of Michigan, however, has not consented to being sued in civil rights actions in the federal courts. See <u>Abick v. Michigan</u>, 803 F.2d 874, 877 (6th Cir.1986). Federal courts are barred from exercising jurisdiction over a claim where Eleventh

Amendment immunity applies to the claim. Ernst v. Roberts, 379 F.3d 373, 378 (6th Cir. 2004).

Plaintiff concedes the Eleventh Amendment bar to claims for monetary damages, but argues that the Eleventh Amendment does not bar suits against state entities for prospective relief, which includes injunctive and declaratory relief. He states that as to each count of his complaint he has asked for declaratory relief, and his request to dissolve the order banning him from campus is a request for injunctive relief.

In his prayer for relief at Counts I, II, III, and VI, Plaintiff asks that the court "Declare that the actions of the Defendant Ferris State University constitute unlawful employment practices . . .." At Count IV, Plaintiff asks that the court "Declare that the actions of the Defendant Ferris State University constitute a deprivation of procedural due process . . . ;" and at Count V, "Declare that the actions of the Defendant Ferris State University constitute an unlawful conspiracy . . . ." As to each count he also seeks an award of damages. The purpose of the Declaratory Judgment Act is to give parties an early opportunity to resolve federal issues to avoid the threat of impending litigation. The goal is to clarify legal duties and obligations for the future rather than to redress past harms. AmSouth Bank v. Dale, 386 F. 3d 763, 786 (6th Cir. 2004). As an example, the AmSouth court explained that a party wishing to embark on a marketing campaign who has been threatened with suit over an alleged trademark infringement can seek a declaratory judgment that it is not infringing a trademark, thereby allowing the party to proceed without the fear of incurring losses. Id. In this case, Plaintiff is asking the court to find that his allegations, if proven, establish defendants' liability, which is simply a necessary step to awarding damages. Accordingly, despite the language used in the complaint, Plaintiff is not seeking declaratory relief.

10

_____The "Eleventh Amendment does not prevent courts from granting prospective injunctive relief to prevent a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68-69, 106 S. Ct. 423, 425-426 (1985) (citing Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)); S.J . Hamilton County, Ohio, 374 F. 3d 416, 421 (6th Cir. 2004).  Only at Count VII (titled "Declaratory Relief") does Plaintiff seek prospective injunctive relief by asking the court to dissolve his ban from the Ferris State campus, claiming that the ban violates his federal rights.

To receive injunctive relief, a plaintiff must prevail on the merits of his claim. Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982). Plaintiff claims that he was banned from campus because of racial discrimination in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.  Because the Court has determined that it must dismiss the Title VII claim in regard to Plaintiff's ban from campus, the claim may not be the basis of awarding Plaintiff the injunctive relief he seeks.  If Plaintiff has stated a claim under §§1981 or 1983, the claim, or claims, may proceed solely on his prayer for injunctive relief.

Section 1981 "on its face relates primarily to racial discrimination in the making and enforcement of contracts." Johnson v. Ry. Express Agency, 421 U.S. 454, 459 (1975).  It provides that all persons have the same right as white citizens to make and enforce contracts, 42 U.S.C. § 1981(a), which includes making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. 42 U.S.C. § 1981(b).  Likewise, all persons shall be subject to "like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."  42 U.S.C. § 1981(a).  The two essential elements of a section 1981 claim are disparative treatment and intentional discrimination. General Bldg. Contractors v. Pennsylvania, 458 U.S. 375, 383, 102 S.

11

Ct. 3141, 3146, 73 L. Ed. 2d 835 (1982).   Plaintiff claims he was subjected to false accusations which, in turn, resulted in his suspension and ban from campus.   He has not alleged that faculty members outside of Plaintiff's protected class who make threatening statements are treated differently, or that, in light of the accusation, the decision to "suspend and ban" conflicts with the terms of the parties' contract.   Clearly, Plaintiff has a right not to be falsely accused, but the right does not arise from his contract with Defendant Ferris State.   Plaintiff has failed to state a § 1981 claim that would entitle him to the injunctive relief he requests.

Plaintiff asserts a claim under § 1983 complaining that the ban violates his due process rights in that he was stigmatized by the false charges and the ban that resulted from the charges. Among the five facts a plaintiff must show to establish a liberty interest deprivation is that the stigmatizing statement was made in conjunction with plaintiff's termination from employment. Brown v. City of Niota, 214 F.3d 718, 722-23 (6th Cir.2000) (citing Ludwig v. Bd. of Trustees, 123 F.3d 404, 410 (6th Cir.1997)). A plaintiff must also prove that the employer refused to grant him a post-removal opportunity to refute the false charges that led to his removal. Quinn v. Shirey 293 F.3d 315, 320 (6th Cir. 2002).   A name-clearing hearing is required only if the plaintiff requests one.  Id. at 321 (citing Ludwig v Bd. of Trustees, 123 F. 3d 404, 410 (6th Cir. 1997). Here, the allegedly false accusations that resulted in the ban from campus caused Plaintiff to be temporarily suspended, not terminated, from his employment.   Moreover, Plaintiff did not request a name-clearing hearing, which is fatal to this claim.  See Ludwig at 411.[2]

Finally, Plaintiff brings a second claim under § 1983 contending that the false charges and ban from campus violated his First Amendment rights. First Amendment rights are subject to

---

[2] At oral argument, Plaintiff conceded that the due process claim should be dismissed.

reasonable regulation, <u>Perry Education Assn. v. Perry Local Educators' Assn.</u>, 460 U.S. 37, 44, 103 S. Ct. 948, 74 L. Ed. 2d 794 (1983), and "threats of violence are outside the First Amendment." <u>R.A.V. v. City of St. Paul</u>, 505 U.S. 377, 388, 112 S. Ct. 2538, 2546, 120 L. Ed. 2d 302 (1992). Defendants argue that the ban was reasonable in light of Plaintiff's threatening speech and behavior while on campus. Plaintiff, however, denies that he engaged in threatening speech or behavior. If Plaintiff can prove his contentions, he has as much right to access the campus as other members of the community and may be entitled to injunctive relief. Because of the factual issues in dispute, the court may not dismiss this claim on a motion to dismiss.

Plaintiff has not alleged facts indicating that any of the individual Defendants, with the exception of Johnston, were involved in the alleged false accusations, or the decision to suspend Plaintiff from his employment and ban him from the campus. Moreover, Plaintiff alleges at Count VII that he "has suffered actual injury in the form of being banned from Defendant Ferris State's campus," and that the "injury is directly traceable to the unlawful conduct of Defendant Ferris State." (Complaint, p. 17). Accordingly, the court will dismiss this § 1983 claim (Count III) as to the individual Defendants. The court must dismiss Counts II, IV and V as to all Defendants for lack of jurisdiction

Elliot -Larsen Civil Rights Act

Defendants correctly argue that Plaintiff's claim under Michigan's Elliot-Larsen Civil Rights Act is also barred by Eleventh Amendment immunity. In <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89 (1984), the Supreme Court found that Eleventh Amendment immunity extends to claims brought in federal court based on state law. <u>Id.</u> at 100. While a federal court may otherwise have supplemental jurisdiction over state law claims presented in a

13

complaint asserting federal claims, "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." Pennhurst at 121; and see McNeilus Truck and Mfg. v. Ohio, 226 F. 3d 429, 438 (6th Cir. 2000). As previously discussed, a state may waive its Eleventh Amendment immunity. Id. The Elliot-Larsen Civil Rights Act provides an additional avenue of recovery for victims of discrimination. In enacting the statute, the Michigan Legislature could have permitted suits against the State to be brought in federal court. However, the statute expressly designated jurisdiction in Michigan's state courts. MICH. COMP. LAWS § 37.2801 (a civil action under the Act may be brought in the circuit court for the county where the violation occurred or where the defendant is located); MICH. COMP. LAWS § 37.2803 (providing that the Civil Rights Act "shall not be construed to diminish the right of a person to direct or immediate legal or equitable remedies in the courts of this state"). A state's consent to suit in its own court does not constitute a waiver of Eleventh Amendment immunity. Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n, 450 U.S. 147, 149-50 (1981). Accordingly, the court must dismiss this state law claim (Count V) as to all the Defendants for lack of jurisdiction.

Conclusion

For the reasons discussed above, the court GRANTS the individual Defendants' Motion to Dismiss as to all counts; and further, the court PARTIALLY GRANTS AND PARTIALLY DENIES Ferris State University's Motion to Dismiss. The court GRANTS Ferris State University's Motion to Dismiss as to Count II, Count IV, Count V, and Count VI, and DENIES the motion as to Count I (Title VII, disparative treatment in employment opportunities), and

14

Count III (§ 1983 claim for violation of First Amendment rights, solely on Plaintiff's prayer for injunctive relief pursuant to Count VII).

So ordered this 31st day of August, 2005.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

15